**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000310
10-FEB-2025
07:48 AM
Dkt. 52 SO**

NO. CAAP-22-0000310

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
FOR INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR1, MORTGAGE PASS-
THROUGH CERTIFICATES SERIES 2007-AR1, Plaintiff-Appellee,
v.
OLANI SEWELL; HINA H.T. SEWELL, Defendants-Appellants,
CIT BANK, N.A.; Defendant-Appellee, JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-20-0000447)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendants-Appellants Hina H.T. Sewell and Olani

Sewell (collectively, **the Sewells**) appeal from the "Findings of

Fact, Conclusions of Law and Order Granting Plaintiff

[-Appellee]'s[1] Motion for Default Judgment Against CIT Bank,

N.A. and Summary Judgment and Decree of Foreclosure Against All

---

[1]     Plaintiff-Appellee is Deutsche Bank National Trust Company, as Trustee of the IndyMac INDA Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1 Under the Pooling and Servicing Agreement dated January 1, 2007, herein referred to as **Deutsche Bank.**

Defendants on Complaint Filed December 8, 2020" (**Foreclosure Order**), and the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment Against CIT Bank, N.A. and Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed December 8, 2020" (**Judgment**), both filed on January 5, 2022, by the Circuit Court of the Third Circuit (**circuit court**).[2]

This appeal arises out of a foreclosure complaint (**Complaint**) brought by Deutsche Bank, on December 8, 2020, against the Sewells. The Complaint alleged that the Sewells had defaulted on a Fixed/Adjustable Rate Note (**Note**) held by Deutsche Bank. The Note was secured by a mortgage (**Mortgage**) that encumbered the subject property. In September 2021, Deutsche Bank moved for summary judgment, and for a decree of foreclosure. The circuit court granted Deutsche Bank's motion, and entered the Foreclosure Order and Judgment from which the Sewells presently appeal.

On appeal, the Sewells contend that the circuit court abused its discretion by: (1) "concluding that [Deutsche Bank] could foreclose on the subject Property where [Deutsche Bank] failed to meet its initial burden of proof regarding [Deutsche Bank's] standing in this matter"; (2) "granting [Deutsche

---

[2]     The Honorable Robert D.S. Kim presided.

Bank's] motion for summary judgment where [the Sewells] offered specific facts showing that there is a genuine issue as to whether [Deutsche Bank] actually possessed the original subject Note at the time [Deutsche Bank] filed suit"; (3) "granting [Deutsche Bank's] motion for summary judgment where [Deutsche Bank] failed to establish that it properly provided [the Sewells] with adequate notice of default"; and (4) "granting [Deutsche Bank's] motion for summary judgment where [Deutsche Bank] failed to establish that the original subject Note was properly indorsed and that [Deutsche Bank] was entitled to enforce the subject Note."

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Sewells' contentions as follows:

(1) We first address the Sewells' contentions, as set forth in their first and second points of error, that the circuit court erred in granting summary judgment because Deutsche Bank did not meet its initial burden of establishing standing. We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the

3

> effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55–56, 292 P.3d 1276, 1285–86 (2013) (citation omitted).

In Bank of Am., N.A. v. Reyes-Toledo, the Hawaiʻi Supreme Court held that,

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. Typically, a plaintiff does not have standing to invoke the jurisdiction of the court unless the plaintiff has suffered an injury in fact. A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note. A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property. Thus, the underlying "injury in fact" to a foreclosing plaintiff is the mortgagee's failure to satisfy its obligation to pay the debt obligation to the note holder. Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action.

139 Hawaiʻi 361, 367–68, 390 P.3d 1248, 1254–55 (2017) (cleaned up).

We conclude that the declarations attached to the Complaint and motion for summary judgment were sufficient to establish Deutsche Bank's possession of the original Note. Deutsche Bank attached attorney Steven T. Iwamura's (**Iwamura**) "Declaration Re: Possession Of Original Promissory Note" to its Complaint when it filed suit. In his declaration, Iwamura represented under penalty of perjury that he had "received the

original indorsed Note . . . on April 8, 2016[.]" Iwamura further declared that he had personally reviewed the "original indorsed Note" on November 19, 2020, and that the original Note was stored at Iwamura's Honolulu law office.[3] A redacted copy of the original indorsed in blank Note and the Mortgage were also attached to the Complaint and authenticated by Iwamura.

Attached to Deutsche Bank's motion for summary judgment was the declaration of Claribel Lopez (**Lopez**), an authorized custodian of PHH Mortgage Corporation's[4] (**PHH**) records. Lopez declared under penalty of perjury that she was "authorized to make this declaration regarding the [Sewells'] loan," "[had] access to and [was] familiar with PHH's books and records regarding the Loan," "[was] familiar with the manner in which PHH maintains its books and records," and had "personal knowledge" of the Sewells' Note and loan records "derived from

---

[3] Clay Chapman Iwamura Pulice & Nervell served as legal counsel for Deutsche Bank in the underlying proceeding.

[4] PHH is the authorized loan servicing agent for Deutsche Bank. Pursuant to Lopez's declaration,

> 11. PHH maintains all day-to-day loan documents, records and accounting of payments on the Loan being foreclosed in this action. Under the terms of PHH's servicing arrangement, [Deutsche Bank] does not generate, keep, or maintain any of the day to day documents for the Loan. [Deutsche Bank] does not participate in the inputting of accounting data, saving of business records or communications with borrowers; rather, such functions are performed by PHH. [Deutsche Bank] has a passive role regarding the administration of the Loan. PHH acts as the sole custodian of the business records relating to the servicing of the Loan.

[Lopez's] having reviewed PHH's records relating to the Loan and, in particular, the account history of the Loan, which is maintained by PHH[.]"  Lopez further represented that "[Deutsche Bank], by and through its counsel, had possession of the original Note, indorsed in blank, on April 8, 2016 prior to December 8, 2020, the date of the filing of the Complaint."

We conclude that Deutsche Bank satisfied its initial burden on summary judgment by establishing its possession of the original Note, through its counsel, nineteen days prior to the date the Complaint was filed.  See U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021) (holding that "U.S. Bank . . . establishe[d] the bank's possession of the [n]ote on the day the complaint was filed" where "there [was] admissible documentary evidence showing that U.S. Bank possessed the [n]ote both a mere six weeks before the filing of the complaint and at the time of summary judgment" in conjunction with other evidence presented).

The burden then shifted to the Sewells, and the Sewells did not meet their burden of establishing that there is a genuine issue of material fact as to whether Deutsche Bank actually possessed the Note at the time it filed the Complaint. See id. at 328, 489 P.3d at 432 ("[A] defendant may counter this inference of possession at the time of filing with evidence setting forth 'specific facts showing that there is a genuine

issue' as to whether the plaintiff actually possessed the subject note at the time it filed suit.") (quoting Hawaiʻi Rules of Civil Procedure Rule 56(e)).

In their joint declaration, the Sewells "deny that [Deutsche Bank] is the holder of the Note referenced in the subject Mortgage." They allege that they "did not make [Deutsche Bank's] Note and [they] did not execute and deliver said Note" because "[i]f [they] were makers of something so important, [they] would have made handwritten markings on the middle pages."

The Sewells' bare contention that "[they] did not make [the] Note" does not overcome the Uniform Commercial Code's (**UCC**) presumption that a signature on a promissory note is authentic. See Hawaii Revised Statutes (**HRS**) § 490:3-308 (2008). "Under the [UCC],[5] the signatures on a note are presumed authentic unless a party denies it in the pleadings *and* introduces evidence which would support a finding that the signature is forged or unauthorized." Tyrell v. Bank of Am. (In re Tyrell), 528 B.R. 790, 794 (Bankr. D. Haw. 2015) (cleaned up).

We conclude that Deutsche Bank established its standing to bring its foreclosure action, the Sewells did not

---

[5]     Hawaiʻi has adopted the UCC in HRS chapter 490.

make an adequate showing that their signatures on the Note were not authentic, and that the circuit court therefore did not err in granting summary judgment.

(2) The Sewells contend that Deutsche Bank failed to establish that it provided the Sewells with adequate notice of default. The Mortgage provides, with regard to service of notice that,

> All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. **Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail** or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.

(Emphasis added.)

Lopez's declaration represents that, with respect to the Note:

> 9. As the loan servicer, PHH acts as an agent for [Deutsche Bank] and is the attorney in fact for [Deutsche Bank]; and PHH is generally responsible for the administration of the [Sewells'] Loan until the Loan is paid in full, assigned to another creditor, or the servicing rights and responsibilities are transferred. PHH became the loan servicer for the Loan being foreclosed in this action on 06/01/2019.
>
> 10. Administering the Loan includes, among other things, sending monthly payment statements, collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting monies tendered under the subject notes to [Deutsche Bank], following up on loan delinquencies, home loan workouts and home retention programs, and other general customer service functions. Further, in the event of a default under the terms of the Loan, PHH is authorized by [Deutsche Bank] to enforce the terms of the Loan by retaining and supervising legal counsel to foreclose and pursue the other legal rights and remedies . . . available to [Deutsche Bank].

. . . .

19.  Notice was provided to Borrowers advising of the default under the Note and Mortgage, advising that failure to cure the default may result in the acceleration of the entire balance outstanding under the terms of the Note and Mortgage (the "Notice of [Default]"). My personal knowledge of these statements is derived from my having inspected a copy of the Notice of [Default] contained in PHH's business records regarding the Loan. A true and correct copy of the Notice of [Default] which I inspected is attached hereto as Exhibit "8".

Exhibit "8" is the Notice of Default, dated August 4, 2020, sent by PHH to the Sewells.  The Notice of Default provided written notice to the Sewells of their default under the terms of the Note, and that failure to cure their default may result in the acceleration of their loan.  The Notice of Default represents that it was sent via first-class mail to the address of the subject property.

Based on the foregoing, we conclude that Deutsche Bank met its burden of showing that it provided adequate notice of default to the Sewells via PHH's letter.  The burden then shifted to the Sewells, and the Sewells did not present any evidence to raise a genuine issue of material fact that Deutsche Bank had not provided adequate notice of default.

(3) The Sewells contend that Deutsche Bank failed to establish that the Note was properly indorsed, and that Deutsche Bank failed to establish it was entitled to enforce the Note. The Sewells' contention lacks merit.  The record reflects that the Note, which was indorsed in blank, was not payable to an

9

identified person. See HRS § 490:3-205(b) (2008). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer or possession alone until specially indorsed." Reyes-Toledo, 139 Hawai'i at 370, 390 P.3d at 1257 (citation omitted). As explained supra, Deutsche Bank established through Iwamura and Lopez's declarations that Deutsche Bank had possession of the indorsed in blank Note at the time it filed the Complaint and motion for summary judgment.

For the foregoing reasons, we affirm the circuit court's Foreclosure Order and Judgment.

DATED: Honolulu, Hawai'i, February 10, 2025.

| | |
|---|---|
| Matthew K. Yoshida, for Defendants-Appellants. | /s/ Clyde J. Wadsworth Presiding Judge |
| David A. Nakashima, for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen Associate Judge |
| | /s/ Kimberly T. Guidry Associate Judge |